UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| HANNAH SCHMIDT, as personal representative of the ESTATE OF MICHAEL SCHMIDT, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>SACRED HEART HEALTH SERVICES d/b/a AVERA SACRED HEART HOSPITAL, ANDREW GOUGH, M.D.; YANKTON MEDICAL CLINIC, P.C., DANIEL MEGARD, M.D.,<br><br>Defendants. | 4:24-CV-04209-CCT<br><br>**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS** |

This matter is before the Court on motions to dismiss pursuant to Federal Rule of Civil Procedure 41(b) filed by Defendants Yankton Medical Clinic, P.C. ("Yankton Medical"), and Dr. Daniel Megard, Docket 42, on July 9, 2025, and by Defendants Sacred Heart Health Services d/b/a Avera Sacred Heart Hospital ("Sacred Heart"), and Dr. Andrew Gough, Docket 45, on July 10, 2025 (collectively, "Defendants"). Plaintiff Hannah Schmidt, as personal representative of the Estate of Michael Schmidt, has not filed a response to either motion to dismiss, and the time to do so has passed.

## BACKGROUND

On November 8, 2024, Schmidt, who was represented by counsel, filed a complaint against Avera McKennan, Sacred Heart, and Dr. Gough, asserting

1

claims for medical negligence, respondeat superior, and negligence of physician, and a survival action. Docket 1. On November 19, 2024, Schmidt amended her complaint removing Avera McKennan as a defendant. Docket 8. On January 31, 2025, Schmidt filed a second amended complaint, which she modified on February 3, 2025. Dockets 21, 22. In the second amended complaint as modified, Schmidt asserted the same claims as alleged in the original complaint but added Yankton Medical and Dr. Megard as defendants. Docket 22.

On February 4, 2025, Sacred Heart and Dr. Gough filed an answer. Docket 24. On March 13, 2025, Dr. Megard and Yankton Medical filed an answer. Docket 30. This Court issued an order for a discovery report and scheduling information on March 18, 2025.

On April 7, 2025, Schmidt's attorney, Jeffrey Welch, filed a motion to withdraw. Docket 34; *see* Docket 39 (affidavit of Welch). Defendants did not object to the withdrawal. Dockets 35, 36. On April 16, 2025, this Court held a motion hearing by videoconference to address Welch's motion to withdraw. Docket 40. Counsel for Defendants and Welch appeared. Docket 41 at 1. Schmidt did not personally appear at the hearing. *Id.* Welch advised the Court that he provided Schmidt notice of the hearing; that her email and mailing addresses were current; and that he had discussed her case with her over the telephone. *Id.* Welch further advised the Court that there had been a breakdown in communication with Schmidt and that he believed withdrawal would not adversely affect the interests of Schmidt or the Estate. *Id.* at 2.

On April 17, 2025, this Court issued an order granting Welch's motion to withdraw, finding good cause appearing. *Id.* The Court also found that Schmidt had proper notice of the hearing but failed to appear. *Id.* at 2. The Court's order directed Welch to provide a copy of the order to Schmidt via her email and mailing addresses. *Id.* The order also required that Schmidt, within 60 days of the order, to "obtain new counsel, who shall immediately file a notice of appearance" or "to advise this Court in writing that she intends to proceed *pro se*" and "provide a current mailing address." *Id.* The order warned Schmidt that "[f]ailure to do so may result in this case being dismissed[.]" *Id.*

On July 9, 2025, Yankton Medical and Dr. Megard filed a motion to dismiss, Docket 42, on the basis that "no new counsel [had] appeared" on behalf of Schmidt and that Schmidt had not advised the Court of her intent "to proceed *pro se*[,]" Docket 43 at 2. On July 10, 2025, Sacred Heart and Dr. Gough also filed a motion to dismiss, Docket 45, on the same basis, Docket 46 at 2. Defendants request that Schmidt's complaint be dismissed with prejudice. Dockets 42, 45.

## DISCUSSION

To date, no notice of appearance has been filed on behalf of Schmidt, and she has not communicated to the Court any intent to proceed *pro se*. Federal Rule of Civil Procedure 41(b) "permit[s] dismissal with prejudice '[f]or failure of a plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court.'" *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (second alteration in original) (quoting Fed. R. Civ. P. 41(b)). "Despite the

3

breadth of this language, however, [the Eighth Circuit has] recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Id.* Moreover, "[t]he sanction imposed by the district court must be proportionate to the litigant's transgression[.]'" *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (quoting *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998)).

The Court notes that the only basis on which the Defendants seek dismissal is the passing of 60 days since this Court's order without a response from Schmidt. *See* Dockets 42, 45. Yet, the Court cannot say that "there has been a clear record of delay or contumacious conduct by the plaintiff[.]" *See DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013) (citation omitted). The Court also cannot say that Schmidt has "acted intentionally as opposed to accidentally or involuntarily." *See Doe*, 403 F.3d at 990. Finally, because Schmidt was admonished only on the one occasion, the Court does not find "an ongoing pattern of delay" or "a persistent failure to prosecute[.]" *See DiMercurio*, 716 F.3d at 1140.

The Eighth Circuit has instructed that "[w]hen determining whether or not to dismiss a case with prejudice a district court should first 'consider whether any less-severe sanction could adequately remedy the effect of the delay on the court and the prejudice to the opposing party.'" *Smith v. Gold Dust Casino*, 526 F.3d 402, 406 (8th Cir. 2008) (citation omitted). In light of the circumstances and no claim of prejudice by the Defendants, the Court

concludes that dismissal with prejudice would be disproportionate to Schmidt's transgression. *See id.* (noting that "the punishment should fit the crime, and not every instance of failure to comply with an order of [the] court, however inexcusable, justifies total extinction of a client's cause of action"). However, Schmidt is warned that the failure to comply with this Court's order requiring her to obtain new counsel or advise the Court of her intent to proceed *pro se* within the stated time, or show good cause why she cannot comply, will subject her case to dismissal.

## CONCLUSION

Accordingly, it is hereby

ORDERED that Defendants' motions to dismiss, Dockets 42, 45, are denied. It is further

ORDERED that Defendants shall serve Plaintiff Hannah Schmidt a copy of this Order via U.S. Certified Mail and file a certificate of service of the same. It is further

ORDERED that Plaintiff Hannah Schmidt has 60 days from the date of service of this Order to obtain new counsel, who shall immediately file a notice of appearance, or Schmidt is to advise this Court in writing that she intends to proceed *pro se* and will provide a current mailing address. Failure to do so subjects her case to dismissal.

Dated September 8, 2025.

                                          BY THE COURT:

                                          /s/ *Camela C. Theeler*
                                          CAMELA C. THEELER
                                          UNITED STATES DISTRICT JUDGE

Dated September 8, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE