UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| HANNAH SCHMIDT, as personal representative of the ESTATE OF MICHAEL SCHMIDT,<br><br>        Plaintiff,<br><br>    vs.<br><br>SACRED HEART HEALTH SERVICES d/b/a AVERA SACRED HEART HOSPITAL, ANDREW GOUGH, M.D.; YANKTON MEDICAL CLINIC, P.C., DANIEL MEGARD, M.D.,<br><br>        Defendants. | 4:24-CV-04209-CCT<br><br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

This matter is before the Court on a motion for summary judgment under Federal Rule of Civil Procedure 56 filed on November 10, 2025, by Defendants Yankton Medical Clinic, P.C. and Dr. Daniel Megard, Dockets 52–55, and a joint motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) and for summary judgment under Rule 56 filed on November 17, 2025, by Defendants Sacred Heart Health Services and Dr. Andrew Gough, Dockets 56–59. Dr. Megard and Yankton Medical's motion for summary judgment referred to dismissal of Schmidt's case with prejudice under Rule 41(b) as being warranted in addition to their summary judgment grounds. Docket 53 at 8–10. Plaintiff Hannah Schmidt, as personal representative of the Estate of

1

Michael Schmidt, has not filed a response to any of the defendants' motions, and the time to do so has passed.

## BACKGROUND

On November 8, 2024, Schmidt filed a complaint against Avera McKennan, Sacred Heart, and Dr. Gough, asserting claims for medical negligence, respondeat superior, negligence of physician, and a survival action. Docket 1. On November 19, 2024, Schmidt amended her complaint, removing Avera McKennan as a defendant. Docket 8. On January 31, 2025, Schmidt filed a second amended complaint, which she modified on February 3, 2025. Dockets 21 and 22. In the second amended complaint as modified, Schmidt asserted the same claims against the remaining defendants as the original complaint but added Yankton Medical and Dr. Megard as additional defendants. Docket 22. During this time, Schmidt was represented by counsel Jeffrey Welch.

On April 7, 2025, Welch filed a motion to withdraw. Docket 34; *see* Docket 39 (affidavit of Welch). The defendants did not object to the withdrawal. Dockets 35 and 36. On April 16, 2025, this Court held a motion hearing to address Welch's motion to withdraw. Docket 40. Schmidt did not attend the hearing. Docket 41 at 1. However, Welch provided Schmidt with notice of the hearing and stated that her email and mailing addresses were current. *Id.* at 1–2.

On April 17, 2025, this Court issued an order granting Welch's motion to withdraw, finding that Schmidt had proper notice of the hearing but failed to

2

appear and noting Welch's explanation that there had been a breakdown in communication with Schmidt and that he believed withdrawal would not adversely affect the interests of Schmidt or the estate. *Id.* at 2–3. The Court's order directed Welch to provide a copy of the order to Schmidt via her email and mailing addresses. *Id.* at 2. The order also required Schmidt to "obtain new counsel, who shall immediately file a notice of appearance" or "to advise this Court in writing that she intends to proceed *pro se*" within 60 days of the order. *Id.* The order warned Schmidt that a "failure to do so may result in this case being dismissed . . . ." *Id.* (citation modified).

On July 9, 2025, Yankton Medical and Dr. Megard filed a motion to dismiss, Docket 42, on the basis that "no new counsel [had] appeared" on behalf of Schmidt and that Schmidt had not advised the Court of her intent "to proceed *pro se*," Docket 43 at 2. The following day, Sacred Heart and Dr. Gough also filed a motion to dismiss, Docket 45, on the same basis, Docket 46 at 2. The defendants requested the dismissal be with prejudice. Dockets 42 and 45.

The Court denied these motions to dismiss in its order of September 8, 2025. Docket 48. It further ordered that the defendants serve Schmidt a copy of its order and file a certificate of service. *Id.* at 5. The Court also reinstituted its order that Schmidt had "60 days from the date of service of this Order to obtain new counsel, who shall immediately file a notice of appearance, or Schmidt is to advise this Court in writing that she intends to proceed *pro se*." *Id.* This order, like the first, warned Schmidt that a "failure to comply with" the

3

Court's orders or "show good cause why she cannot comply will subject her case to dismissal." *Id.* (citation modified).

In a supplemental certificate of service, Dr. Gough and Sacred Heart indicated to the Court that they attempted to serve Schmidt a copy of the order via the U.S. mail, but Schmidt did not respond to the United States Postal Service. Docket 50; Docket 57 at 3. These defendants further indicated that as a result, they then personally served Schmidt via the Cedar County Sheriff's Office in Nebraska on September 19, 2025. Docket 57 at 3 (citing Dockets 50 and 50-1).

Dr. Megard and Yankton Medical filed their motion for summary judgment on November 10, 2025. Dockets 52–55. Dr. Gough and Sacred Heart filed their joint motion for summary judgment and to dismiss on November 17, 2025. Dockets 56–59. All the defendants attempted to serve their motions on Schmidt. Yankton Medical and Dr. Megard unsuccessfully served their motion on Schmidt via certified mail after the U.S. Postal Service attempted thrice to do so. Docket 62 at 1–2. Sacred Heart and Dr. Gough also unsuccessfully served Schmidt via certified mail but then sent their motions via "regular mail through the U.S. Postal Service." Docket 64 at 2; *see* Docket 60 (initial certificate of service).

While Schmidt did not file a responsive brief, the defendants filed a reply brief to their respective motions on January 8, *see* Docket 61 (Yankton Medical's and Dr. Megard's reply), and January 13, 2026, *see* Docket 63 (Sacred Heart's and Dr. Gough's reply). Sacred Heart and Dr. Gough

represented they attempted to also serve their reply brief on Schmidt via "first class U.S. mail and certified mail," *see* Docket 65 (certificate of service), but it is unknown whether this service was successful. Yankton Medical and Dr. Megard did not represent their attempt at service of their reply brief on Schmidt.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) "permit[s] dismissal with prejudice '[f]or failure of a plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court.'" *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (second alteration in original) (quoting Fed. R. Civ. P. 41(b)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Farroh Roof and Truss Co. v. Annabelle Homes, LLC*, No. 4:13-CV-005, 2015 WL 12803619, at *1 (D.N.D. Mar. 18, 2015) (citation modified) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)); *cf. Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). "Pro se litigants are not excused from complying with court orders or substantive and procedural law." *Am. Inmate Paralegal Ass'n v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988). Unless the

court specifies otherwise, the dismissal operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

However, "the sanction imposed by the district court must be proportionate to the litigant's transgression," *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (citation modified) (quoting *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998)), and dismissal with prejudice should be reserved for "when there has been a clear record of delay or contumacious conduct by the plaintiff," *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013) (quoting *Skelton v. Rapps*, 187 F.3d 902, 908 (8th Cir. 1999)). Therefore, "even where the facts might support dismissal with prejudice, this 'ultimate sanction should only be used when lesser sanctions prove futile.'" *Hunt*, 203 F.3d at 527 (citation modified) (quoting *Rodgers*, 135 F.3d at 1222).

Here, despite having proper notice, Schmidt failed to appear at the hearing on Welch's motion to withdraw. Then Schmidt failed to comply by obtaining new counsel or advising the Court in writing of her intent to proceed *pro se* or show good cause for noncompliance with this Court's April 17, 2025 order. Finally, after being given additional time and personally served with the Court's order of September 8, 2025, *see* Dockets 50 and 50-1, Schmidt still has not obtained new counsel or otherwise communicated with the Court as required by that order. This means that Schmidt has not prosecuted her case or otherwise contacted this Court since her attorney appeared at the April 16, 2025 hearing on the motion to withdraw. *See* Docket 40.

6

In its last two orders, this Court explicitly warned Schmidt that a failure to retain new counsel or inform the Court in writing of her intent to proceed *pro se* may result in dismissal of the case. Docket 41 at 2; Docket 48 at 5. To date, no notice of appearance has been filed on behalf of Schmidt, and she has not communicated to the Court any intent to proceed *pro se.*

While the Eighth Circuit has not directly considered a Rule 41(b) dismissal in the context of a party's failure to retain new counsel or notify the court of an intent to proceed *pro se* following an order requiring such action, it has decided other Rule 41(b) dismissals with prejudice. *See Rodgers,* 135 F.3d at 1220–23 (dismissing case with prejudice prior to other lesser sanctions being imposed but after multiple acts of intentional delay by plaintiff and a determination that lesser sanctions would be ineffective and prejudicial to nonmovants). Other courts have found dismissal appropriate under circumstances similar to those here. *See Powers v. Rau,* No. 3:11-CV-00608-BBC, slip op. (W.D. Wis. Nov. 22, 2011), https://perma.cc/LNQ5-7JAU (dismissing action after plaintiff failed to obtain new counsel or inform the court she would proceed *pro se*); *Ransaw v. Lucas,* No. 1:09-CV-2332, 2014 WL 5341678, at *1-3 (N.D. Ohio Oct. 20, 2014) (dismissing action where, after the court granted counsel's motion to withdraw, plaintiff failed to retain new counsel within the time allotted by court order and subsequently failed to respond to later filings, including a motion to dismiss); *Cothern v. City of Lebanon Junction,* No. 3:07CV-503-JDM, 2008 WL 5169564, at *2 (W.D. Ky. Dec. 9, 2008) (same).

The Court finds that Schmidt's failure to comply with both the April 17 and September 8, 2025 orders warrants dismissal. Dismissal with prejudice is a proportionate sanction at this stage. *See Hunt*, 203 F.3d at 527; *DiMercurio*, 716 F.3d at 1140. This record adequately reflects a lengthy period of intentional delay. Further, given the nature and duration of Schmidt's noncompliance, her conduct, or lack thereof, is sufficiently disobedient and willful of the Court's orders as to justify dismissal with prejudice. *See Garth v. Colvin*, No. 14-1022 (PAM/JSM), 2015 WL 1224079, at *3 (D. Minn. Mar. 17, 2015) (comparing cases where dismissal with prejudice was appropriate with cases where it was not). Schmidt's conduct indicates a disregard for the Court's prior warnings of dismissal. *Compare Hunt*, 203 F.3d at 527–28 (affirming dismissal where district court warned plaintiff that case would be dismissed with prejudice if he did not adhere to its orders and undergo a mental examination), *and Good Stewardship Christian Ctr. v. Empire Bank*, 341 F.3d 794, 797–98 (8th Cir. 2003) (also affirming dismissal where district court warned plaintiff further misconduct may result in dismissal of case), *with Smith v. Gold Dust Casino*, 526 F.3d 402, 405–06 (8th Cir. 2008) (holding dismissal not warranted because "[t]his is not a case where a litigant flagrantly disregarded or ignored any advance warning from the district court that failure to comply with discovery deadlines would result in dismissal with prejudice").

The mere fact that Schmidt has been entirely silent in her case since her attorney withdrew represents the ineffectiveness that any lesser sanction would have. The defendants' request for dismissal with prejudice under Rule 41(b) is

granted for Schmidt's failure to comply with this Court's orders and failure to prosecute.

## ORDER

It is hereby

ORDERED that Yankton Medical Clinic and Dr. Megard's motion for summary judgment, Docket 52, is granted in part and denied in part as moot. It is further

ORDERED that Dr. Gough and Sacred Heart Health Services's motion to dismiss, Docket 56, is granted. It is further

ORDERED that Dr. Gough and Sacred Heart Health Services's motion for summary judgment, Docket 56, is denied as moot. It is further

ORDERED that Schmidt's second amended complaint as modified, Docket 22, is dismissed with prejudice.

Dated July 17, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE

9